**Dated: April 10, 2019**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VINCE MYERS WELDING & | ) | Case No. 17-12267-JDL |
| CONSTRUCTION, INC., | ) | Ch. 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| PLAINS MARKETING, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. No. 18-01121-JDL |
| V. | ) | |
| | ) | |
| KEVIN COFFEY, CHAPTER 7 | ) | |
| TRUSTEE; UNITED STATES OF | ) | |
| AMERICA and DAVIS DIRECTIONAL | ) | |
| DRILLING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
LAW REGARDING JURISDICTION AND REPORT AND
RECOMMENDATION TO THE DISTRICT COURT TO
WITHDRAW THE REFERENCE OF THIS
ADVERSARY PROCEEDING**

## I. Introduction

On March 27, 2019, the above matter came on for a Scheduling Conference. All the parties appeared by counsel of record, and the Chapter 7 Trustee appeared in person and as counsel. The Court, having reviewed the pleadings, being advised in the matter and having heard the statement of all counsel at the Scheduling Conference, for the reasons stated herein makes the proposed conclusion that it no longer has "related to" jurisdiction of this matter, and therefore, it has no jurisdiction over this Adversary Proceeding. Pursuant to LCvR 81.4, the General Rule for the Reference of Bankruptcy Cases in the United States District Court for the Western District of Oklahoma, 28 U.S.C. § 157(d) and Fed.R.Bankr. P. 5011,[1] the Court *sua sponte* recommends that the reference of this case be withdrawn immediately.[2]

---

[1] Unless otherwise indicated, all statutory references and citations are to the Bankruptcy Code, Title 11, U.S.C. §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure 1001-9037.

[2] LCvR 81.4(b)(3) of the Rules for the United States District Court for the Western District of Oklahoma requires that to be timely a motion for withdrawal of the reference in an adversary proceeding shall be filed and served within 30 days of the time the movant files its first pleading. None of the parties to the present case timely filed a motion withdraw the reference, although Defendant Davis stated in its Answer that it did not consent to the Bankruptcy Court's entry of a final order. The Court does not believe that such a time limitation is applicable to its *sua sponte* withdrawal of the reference. *Cf. In re Powelson*, 878 F.2d 976, 982 (7th Cir. 1989) (The court observing that the timeliness requirement "appears to be a constraint on motions by the parties but not a limitation on the court."); See also, *American Community Services, Inc.. v. Wright Marketing, Inc., (In re American Community Services, Inc*,) 86 B.R. 681, 685-86 (D. Utah 1988) (the court, recognizing the absence of an express time limit said, "the court's own motion to withdraw the reference should be made as promptly as possible in light of the developments in the bankruptcy case or proceeding and when no substantial prejudice will result to any party.").

It should be noted that at the March 27, 2019, Scheduling Conference no counsel for any of the parties expressed any objection to the Court's stated position that it did not believe it had jurisdiction to continue to hear the case, and that it intended to transfer the matter to the District Court. Counsel for the IRS concurred with the Court's position that it did not have subject matter jurisdiction and lacked the power to enter any final order or judgment.

The Court further concludes that it cannot make the final determination with respect to withdrawal of the reference of this Adversary Proceeding from this Bankruptcy Court to the District Court on its own, and that this matter must be presented to the District Court for its consideration with respect to whether reference of this Adversary Proceeding must be withdrawn. Pursuant to Rules 7052 and 9014, the Court makes the following Findings of Fact and Conclusions of Law.

## II. Factual and Procedural Background

1. The Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code on June 7, 2017. On September 6, 2017, the Court entered an order converting the case to one under Chapter 7.

2. On September 11, 2018, Trustee was appointed as the duly acting Chapter 7 Trustee in this case.

3. This is an interpleader action brought pursuant to Fed.R.Civ.P. 22, applicable to bankruptcy proceedings by Rule 7022, by which Plaintiff Plains Marketing, L.P. ("Plains") seeks the Court to determine which of the three named Defendants are entitled to be paid the proceeds for services provided to Plains by the Debtor (the "Plains Payables"). Plains does not dispute that it owes Debtor, or any party claiming through it, the sum of $287,861.87. Plains seeks to pay the money owed to the Debtor or its lienholders into the registry of the Court, be granted its attorney's fees and expenses incurred in this matter, and that it be given a full release of any and all claims related to the Plains Payables owed by it to the Debtor or the other Defendants.

4. Defendant Davis Directional Drilling, LLC ("Davis") asserts that it is an unpaid

subcontractor of the Debtor for work performed for Plains. Davis contends that the Debtor owes it a total $172,244.63, and it has a perfected lien in the Plains Payables for this amount. Davis does not assert that its lien is prior and superior to the lien of the IRS; however, it claims that by virtue of a pre-petition agreement between it and the Debtor which assigned a percentage of the Plains Payables to Davis, the amount of $104,870.08 never constituted any right, title or interest of the Debtor to which the IRS lien or any interest of the bankruptcy estate could attach.

5. Defendant United States of America ex rel. the Internal Revenue Service ("IRS") asserts a perfected federal tax lien in the Debtor's property, including the Plains Payables. While the Answer of the IRS does not state the amount which it claims is owed, its Proof of Claim filed in the case reflects a secured claim against the Debtor of $6,446,106.63. [Claim #2-1]. The IRS further asserts that Plains is not entitled as an interpleading plaintiff to recover its fees and costs from any funds subject to its federal tax lien if the award would diminish the amount recovered by the IRS.

6. The last of the three defendants is the Chapter 7 Trustee of the Debtor. On February 5, 2019, the Trustee filed his *Trustee's Disclaimer of Interest in Funds* by which he "disclaims all right, title, and interest in and to the fund subject to this interpleader action filed by the plaintiff, Plains Marketing, L.P.". [Doc. 10]. At the Scheduling Conference held on March 27, 2019, the Trustee confirmed his position.

### III. Discussion

The federal courts' subject matter jurisdiction regarding bankruptcy matters is described in 28 U.S.C. § 1334(a), which provides that "the district courts shall have original

4

and exclusive jurisdiction of all cases *under* Title 11", and 28 U.S.C. § 1334(b) which provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings *arising under* Title 11, or *arising in or related to* cases under Title 11." (Emphasis added). The district courts may, in turn, refer "any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . to the bankruptcy judges for the district."  28 U.S.C. § 157(a); LCvR 81.4 of the Rules for the United States District Court for the Western District of Oklahoma's ("Pursuant to 28 U.S.C. §157(a), all cases under Title 11 of the United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be and are hereby referred to the bankruptcy judges for this district.").

To summarize, § 1334 lists four types of matters over which the district court (and by reference the bankruptcy court) has jurisdiction:

> (1)  cases "under" Title 11 which are the bankruptcy cases themselves, initiated by the filing of a Chapter 7, Chapter 11, Chapter 13, etc. petition;
>
> (2) proceedings "arising under" Title 11 are matters that concern the administration of the bankruptcy case and have no existence outside of the bankruptcy ("core" proceedings), including those listed under 28 U.S.C. § 157(b)(1) such as a preference recovery action, an objection to dischargeability or discharge, and objections to claims against the estate;
>
> (3) proceedings "arising in" Title 11 are those that could not exist outside of the bankruptcy case, but are not causes of action created by the Bankruptcy Code such as plan confirmation; and
>
> (4) proceedings "related to" a case under Title 11 such as a collection action against a third party for a pre-petition debt.

While Plains in its Complaint for Interpleader alleged that "[t]his is a core proceeding

5

pursuant to 28 U.S.C. §157(b)(2)", the Court finds that the action was not dependent for its existence upon the Bankruptcy Code and thus was not a "core" proceeding. Even if it were a core proceeding at the time of the filing of the Complaint as alleged by Plains it certainly is not that now. This interpleader adversary proceeding sought to determine the rights and priorities of the Debtor, the IRS and Davis which clearly was not an action "under", "arising under" or "arising in" Title 11. At its inception, the Bankruptcy Court had jurisdiction because the case was "related to" the bankruptcy. The Supreme Court in *Celotex v. Edwards*, 514 U.S. 300, 308, fn. 6, 115 S.Ct. 1493 (1995) addressed the meaning of "related to" in the context of suits between third parties which may have an effect upon the bankruptcy estate:

> [T]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the *outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*.... Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and which in any way impacts upon the handling and administration of the bankrupt estate.

(Citing *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original). Noting that the Second and Third Circuit's test were slightly different, but not disaproving of them, the Supreme Court instructed that "whatever test is used, these cases make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex*, 514 U.S. at 308, fn. 6.

Even prior to *Celotex*, in *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990), the Tenth Circuit (along with the First, Fourth, Fifth, Six, Eighth, Ninth and Eleventh Circuits)

had adopted the definition of "related to" jurisdiction set by the Third Circuit in *Pacor* and approved by the Supreme Court in *Celotex*:

> Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. The test for determining whether a civil proceeding is related in bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy*. Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could *alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate*. (Emphasis added) (citations omitted).
>
> A bankruptcy court has jurisdiction over disputes regarding alleged property of the bankruptcy estate at the outset of the case. When property leaves the bankruptcy estate, however, the bankruptcy court's jurisdiction typically lapses, and the property's relationship to the bankruptcy proceeding comes to an end. (citations omitted)*.*

Under this test, a bankruptcy court has jurisdiction to adjudicate claims between third parties where the outcome of the litigation could have a conceivable effect on the bankruptcy estate. *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997) ("related proceedings 'include' . . . suits between third parties which have an effect on the bankruptcy estate.") (quoting *Celotex).* Thus, the bankruptcy court lacks jurisdiction to resolve controversies between third-party creditors which do not involve the debtor or his property unless the court cannot complete its administrative duties without resolving the controversy. *In re Shirley Duke Associates,* 611 F.2d 15, 18 (2d Cir. 1979).

Based on this test, the inquiry becomes does the adjudication of the claims to the interplead funds by and between the IRS and Davis have an effect upon the bankruptcy

estate? It seems clear that whatever claims were asserted when this adversary proceeding was filed, with the Trustee's filing of a disclaimer to any right, title or interest in and to the funds, it is apparent that the outcome of this litigation now has no effect whatsoever on the bankruptcy estate.

This adversary proceeding now solely involves a conflict between two parties involved in a dispute to funds held by the interpleader plaintiff unrelated to this bankruptcy case. Consequently, based upon an examination of the Court file, the representations of counsel for all the parties and the applicable law, the Court concludes that the outcome of this Adversary Proceeding has no effect on the Debtor or the administration of the bankruptcy case. If a proceeding in question is not "related to" the bankruptcy, then the bankruptcy court has no jurisdiction to hear the matter at all. See 28 U.S.C. § 1334(b); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235 (2006) (a court which lacks subject matter jurisdiction cannot hear the matter at all and must dismiss it). Thus, this Court lacks jurisdiction to either hear or decide the dispute between the parties that no longer directly or indirectly affect the Debtor or property of the estate.

**IT IS THEREFORE ORDERED** that this Court makes the proposed finding and conclusion that it has no jurisdiction over this Adversary Proceeding.

The Court cannot make a final determination with respect to withdrawal of the reference on its own, and this matter must be presented to the District Court for its consideration with respect to whether the reference of this Adversary Proceeding must be withdrawn. Accordingly,

**IT IS FURTHER ORDERED** that the Clerk of the Bankruptcy Court shall transmit

this Order and the record of this Adversary Proceeding to the Clerk of the United States District Court for the Western District of Oklahoma for hearing before the District Court.

# # #
